IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CUNNINGHAM, THE
COULSTON FOUNDATION, and
FREDERICK COULSTON,

        Plaintiffs,

  vs.                                                        CIVIL NO.   00-1792 LFG

THE MILLERS CASUALTY
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff Robert Cunningham's ("Cunningham") January 30, 2001 Motion to Remand for Lack of Diversity Jurisdiction [Doc. 5]. The motion is opposed. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

### Background

Cunningham contends that in April 1994, he was offered employment with The Coulston Foundation and had an employment contract which included six months' salary as a severance benefit. At the time of his resignation in May of 1998, Cunningham alleges that he received an annual salary of $90,000, or a monthly salary of $7,500. Thus, upon his resignation, he contends that he was entitled to $45,000 ($7,500 x 6), but instead received $15,000, representing two months of severance pay.

Cunningham contends that he made a demand on Coulston for payment of the remaining severance benefit, and in response to his demand, was accused of breaching his fiduciary duty to Coulston during the period of his employment. Cunningham states that Coulston accused him of mismanagement of various financial matters. Coulston is alleged to have accused Cunningham of owing The Coulston Foundation in excess of $500,000.

Cunningham then filed suit against The Coulston Foundation and Frederick Coulston in the United States District Court for the District of New Mexico, CIV 99-963. In his complaint, Cunningham sought damages for intentional breach of contract, conspiracy to commit wrongful acts, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, fraud, negligent and/or intentional misrepresentation, breach of fiduciary duty and malfeasance and defamation. In paragraph 4 of this complaint, Cunningham contends that the matter in controversy with the Coulston Foundation and Frederick Coulston exceeded the sum of $75,000. In his *ad damnum* clause, Cunningham sought compensatory damages, including full payment of severance pay, mental and emotional distress, and special and general damages, including punitive and exemplary damages, interest, prejudgment interest, costs of suit, and an award of treble damages.

The Coulston Foundation and Frederick Coulston referred the United States District Court complaint to The Millers Casualty Insurance Company ("Millers") and made a demand on Millers for defense of the claims brought by Cunningham.

Cunningham alleges that Millers declined coverage, and, thereafter, that Cunningham, The Coulston Foundation and Frederick Coulston settled their dispute, and as part of the settlement, Cunningham took an assignment of The Coulston Foundation and Frederick Coulston's rights and causes of action under a commercial general liability policy issued by Millers to Coulston.

Cunningham next filed suit in the First Judicial District Court of New Mexico against Millers. In this complaint, Cunningham alleges breach of insurance contract, insurance bad faith, violations of the Insurance Practices Act, violations of the Unfair Trade Practices Act, negligence, negligent misrepresentation, constructive fraud, breach of fiduciary duty and continuing bad faith.

In paragraph 11 of his state complaint, Cunningham referred to his prior United States District Court lawsuit in cause CIV 99-963, and attached a copy of the complaint as an exhibit to the state lawsuit. This exhibit contains Cunningham's assertion that the matter in controversy exceeds $75,000.

Within the time provided by law for removal of actions, Millers filed its Notice of Removal and appended as exhibits to its notice a copy of Cunningham's state lawsuit 2000-2759, which, in turn, contained a copy of Cunningham's prior United States District Court lawsuit CIV 99-963. Millers also appended to its Notice of Removal the policy of insurance and various items of correspondence relating to Millers' decision to decline coverage relating to the United States District Court proceeding.[1]

## Analysis

Cunningham argues that Millers' initial removal was improper and relies, primarily, on the Tenth Circuit's decision in Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995). It is undisputed that the United States District Court must dismiss a cause at any stage of the proceedings

---

[1] The parties indicate that Millers filed an amended Notice of Removal on December 29, 2000. However, no such pleading appears in the United States District Court docket. The Court surmises that the amended notice may have been filed in the state district court, but because the case had already been removed and documents transferred to the United States District Court on December 26, 2000, three days prior to the filing of the amended Notice of Removal, it was not transferred to the United States District Court. Thus, the Court does not consider any matters appearing in the amended notice, as no such notice is before the Court.

when it becomes apparent that jurisdiction is lacking. In Laughlin, the Tenth Circuit found that:

> Neither Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in the case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims . . . . Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000 . . . . Kmart failed, however, to include any of these facts in its notice of removal . . . . Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

Laughlin, 50 F.3d at 873.

Laughlin imposes a substantial burden on a removing party. If the face of the removed complaint does not affirmatively establish the requisite amount in controversy, the removing party has the burden "to set forth, in the notice of removal itself" the `*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000].'" Laughlin, 873 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). Although Cunningham argues that Millers bears the burden of showing to a legal certainty that the amount in controversy exceeds the jurisdictional amount, there is authority to the effect that it is Cunningham who must show to a legal certainty that he cannot fully recover the requisite amount. Garza v. Bettcher Indus., 752 F. Supp. 753, 755 (E.D. Mich. 1990); see also 15 Moore's Fed. Practice § 102.107 [3](3d ed.); Salazar v. Continental Cas. Co., No. 00-1534 JP/KBM, slip op. (D.N.M. Dec. 20, 2000)("The legal certainty standard requires the court to be very confident that a party cannot recover the alleged amount in damages"). Whatever the standard, however, the Court finds that the jurisdictional amount has been satisfied in this case.

A unique problem on removal arises in New Mexico. Under the rules governing civil practice in state courts, N.M.R.A.1-010(B), the New Mexico Supreme Court states: "[T]he complaint shall not contain an allegation for damages in any specific monetary amount."

With this pleading restriction, one basis for removal under Laughlin can rarely be met, as the complaint itself will not affirmatively establish the amount in controversy. Thus, it is incumbent on a removing party to provide information in the notice of removal and supporting documentation that the dispute involves more than $75,000.

Here, Cunningham strenuously argues that Millers' Notice of Removal fails to allege facts in support of diversity jurisdiction. Cunningham argues, "Millers' claims `upon information and belief' that the controversy `exceeds the sum of $75,000' (Notice of Removal, ¶ 8) no other supporting allegation or claim supporting removal jurisdiction is made by Millers."

Cunningham confines his argument to the Notice of Removal itself, but fails to take into account that Millers appended other documents to the Notice of Removal, including (as required by the removal statute, 28 U.S.C. § 1446(a)) Cunningham's state complaint which, in turn, includes as an exhibit Cunningham's prior United States District Court complaint. In that complaint, Cunningham expressly argues, "The matter in controversy exceeds the sum or value of $75,000." Great weight should be given to the plaintiff's own assessment of the value of his case. See, e.g., Charles Alan Wright Law of Federal Courts, § 33 at 197 (5th Ed. 1994). If a court may look to a plaintiff's assessment of damages in a settlement letter in order to determine the jurisdictional amount, see Schuler v. McGraw Hill, No. 96-292 SC/RLP, slip. op. at 3 (D.N.M. Oct. 9, 1996), it may certainly look to the plaintiff's statement of the amount in controversy in an earlier pleading. Beyond that, Cunningham's theories and claims for damages in the state case go even beyond those in the

5

prior federal litigation. Thus, it is appropriate to conclude that the value of his case did not diminish, but, rather, increased.

Thus, there are allegations of fact separate from the assertions in the Notice of Removal that support Millers' contention that the jurisdictional threshold has been crossed, and it is appropriate for the Court to look to the totality of the circumstances in making its own evaluation of the claim. Schuler, *supra*, at 3.

In addition to Cunningham's own allegation of the amount in controversy, as evidenced by his prior federal complaint concerning the dollar value involved, there is another basis for federal jurisdiction.

The gravamen of Cunningham's state claim is that Plaintiffs were owed a defense and indemnity coverage under a comprehensive general liability policy issued by Millers to The Coulston Foundation relating to Cunningham's prior action filed in federal court. In considering whether coverage actions satisfy the amount in controversy requirement, federal courts have determined that where insurance coverage is denied, the "maximum amount in controversy is the maximum limit of the insurer's liability under the policy." State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998); Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979). Thus, when the policy itself is at issue, the proper measure of damages is the face value of the policy. Lopez v. Prudential Ins. Co., No. CIV 99-906 WWD/RLP slip op. (D.N.M. Nov. 16, 1999).

The policy limits applicable to the commercial general liability policy at issue in this case is $1,000,000, an amount many times over the jurisdictional threshold. Thus, the Court concludes that Millers' Notice of Removal, and attachments and exhibits appended thereto, as required by the statute, together with the maximum limit of the insurer's liability under the policy, is sufficient to

sustain Millers' removal.

Accordingly, the Court denies Cunningham's motion to remand.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR CUNNINGHAM:
Christopher P. Bauman, Esq.

ATTORNEY FOR COULSTON:
Mark P. Geiger, Esq.

ATTORNEY FOR MILLERS:
Scott P. Hatcher, Esq.